UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        CASE NO. 12-20287

v.                                   HON. MARK A. GOLDSMITH
                                           United States District Court Judge

D-12 JAMIL CURETON,

        Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SET BOND

This matter is before the Court on Defendant's motion to set bond (Dkt. 293). The Court conducted a hearing on the motion on August 20, 2013. After considering the arguments made at the hearing and in the filings, the Court denies the motion.

Defendant is charged in the amended first superseding indictment with Count One: Racketeering Conspiracy, 18 U.S.C. § 1962(d); and Count Twelve: Distribution of Cocaine Base, 21 U.S.C. § 841(a)(1). (Dkt. 191). He is currently detained pursuant to an order of detention (Dkt. 53) entered by Magistrate Judge Michael Hluchaniuk on May 10, 2012. Defendant then filed the present motion, asking the Court to grant him a bond.

Although the Magistrate Judge determined that Defendant should not remain at liberty pending trial, that determination is entitled to no deference from this Court. United States v. Yamini, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000). Instead, the Court is required to conduct a de novo review of the facts and circumstances. Id. The Court has great latitude in deciding whether to conduct a new hearing or review transcripts of the proceedings conducted before the Magistrate Judge. United States v. Hammond, 204 F. Supp. 2d 1157, 1162 (E.D. Wis. 2002). This Court elected to conduct a new hearing, at which it heard argument and considered proffered facts from both sides.

The Bail Reform Act of 1984 provides that a defendant must be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of defendant and the safety of any person and the community." 18 U.S.C. § 3142. The Act further provides that the judicial officer shall order detention, unless the officer is satisfied, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person and the community. 18 U.S.C. § 3142(f)(2)(b). The statute lists four factors in § 3142(g), all of which the Court has considered in reaching its decision to deny Defendant's motion.

Nature and Circumstances of Offense Charged: The circumstances relating to the charge contained in Count One relate to Defendant's membership and association with a violent criminal street gang known commonly as the "Howard Boys." As alleged in the indictment, this criminal enterprise controlled the drug trade in and around the Howard Estates public housing complex on Flint, Michigan's south side from 2002 until May 2, 2012. The gang used violence and the threat of violence in order to control this territory. Many of these acts of violence, including murders and attempted murders, are set forth in the amended first superseding indictment. Defendant is specifically alleged, as a part of his involvement with this criminal enterprise, to have possessed crack cocaine with the intent to distribute it, possessed a handgun, and sold crack cocaine.

In addition to Count One, Defendant is charged in Count Twelve with a substantive count of distributing crack cocaine on September 9, 2009. Defendant is alleged to have sold crack cocaine to a customer who was subsequently arrested and found in possession of the crack cocaine. The customer identified Defendant as the individual who sold her the crack cocaine. This charge carries with it a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(2)(A). Clearly, the nature of the alleged offenses and the surrounding circumstances were serious.

Weight of the Evidence: This factor, referencing the degree to which a defendant is dangerous, United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010), has been clearly established. Defendant allegedly associates with a violent street gang known as the Howard Boys. He also has a criminal history of involvement with narcotics and possessing a firearm.

History and Characteristics of Defendant: On the one hand, the Court notes that Defendant has family support, ties to the community, and potential employment available should he be released. The Court finds that with these factors, the presumption in favor of detention is rebutted. Defendant's involvement with narcotics, weapons and gang affiliation, however, raise paramount concerns. Defendant has three prior felony convictions relating to narcotics, two prior felony offenses relating to weapons, and two convictions involving the failure to obey law enforcement. Defendant also amassed several probation violations while serving probationary sentences for the aforementioned offenses. Moreover, Defendant was on parole when Count Twelve is alleged to have been committed.

Additionally, and in conjunction with Defendant's demonstrated failure to follow court and law enforcement directives as noted above, Defendant's sentencing guideline range provides Defendant with an enormous incentive to flee. Even if Defendant is found not to be a career offender as suggested by defense

counsel, Defendant's sentencing guideline range is still of the type that incentivizes flight from prosecution.

Nature and Seriousness of Danger: As for the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release, as noted above, Defendant was associated with the Howard Boys, a violent street gang, was involved in the distribution of narcotics, and was involved with the illegal possession of a firearm. Even if a less restrictive alternative to detention were employed, such as release with a GPS tether, it would not alleviate the danger that Defendant poses to the community.

The Court has thoroughly reviewed all of the facts and circumstances and concludes that, by clear and convincing evidence, there is no set of conditions that would reasonably assure the appearance of Defendant and the safety of the community. For all these reasons, the Court denies Defendant's motion to set bond (Dkt. 293).

SO ORDERED.


Dated: August 21, 2013
   Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2013.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager